

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 7, 2017

**BY ELECTRONIC FILING**
The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: United States v. Oral Watson, S1 16 Cr. 059 (AJN)

Dear Judge Nathan:

  The defendant, Oral Watson, is scheduled to be sentenced on July 14, 2017. The Government makes this submission in advance of sentencing. The defendant pled guilty to Count One of the above-referenced Information and admitted his participation in a conspiracy to distribute and possess with the intent to distribute 500 grams and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846. The Presentence Report ("PSR") calculates a Sentencing Guidelines range of 87 to 108 months' imprisonment (PSR ¶ 86).[1]

**I. Offense Conduct**

  The charges in this case arose out of an investigation conducted by the Drug Enforcement Agency into a drug trafficking organization (the "DTO") that was transporting narcotics from the west coast to the New York and New Jersey area. PSR ¶ 10. Pursuant to a Court order, law enforcement agents tracked the location of one of Watson's co-conspirators, via his cell phone, as he travelled from California to the east coast from September 24, 2015 through September 27, 2015. PSR ¶ 13. When he reached Cherry Hill, New Jersey, agents conducted surveillance on the cell phone location and observed a white truck joined briefly by a grey Nissan Altima later determined to be driven by defendant Watson. PSR ¶ 14-18. When agents attempted to perform a traffic stop on the vehicles, the Altima fled at high speed. Watson was then observed throwing a

---

[1] In the Plea Agreement, the parties stipulated that the defendant's applicable Guidelines range was 188 to 235 months' imprisonment, based on the mistaken belief that the defendant qualified as a career offender pursuant to the Unites States Sentencing Guidelines, Section 4B1.1. After discussing with the U.S. Probation Department and reviewing the defendant's criminal history, the Government agrees with the Sentencing Guidelines range set forth in the PSR.

Hon. Alison J. Nathan
July 7, 2017
Page 2

large backpack out of the car's window. PSR ¶ 17. The backpack was later recovered and found to contain approximately five kilograms of cocaine. PSR ¶ 19-20.

## II.    Guidelines Calculation

The defendant was arrested and detained on September 28, 2015.  PSR ¶ 18.  On March 13, 2017, the defendant appeared before the Honorable Barbara C. Moses and pled guilty to conspiring to distribute 500 grams or more of cocaine, pursuant to the Plea Agreement dated March 13, 2017.  PSR ¶ 2, 4.

On May 5, 2017, the Probation Department issued the PSR, which was updated to include a recommendation and addendum on June 1, 2017. The Probation Department calculated that the Offense Level applicable to the defendant's conviction is 27, given a base level of 30 for an offense involving at least 5 kilograms but less than 15 kilograms of cocaine with a two level reduction for acceptance of responsibility and a one level reduction for timely notification of intent to enter a plea of guilty. PSR ¶ 27-36. The Probation Department further calculated that the defendant is in Criminal History category III given a total criminal history score of six. PSR ¶ 52. The PSR concludes that the applicable Guidelines Sentence for defendant Watson is 87 to 108 months.

## III.    Discussion

In the present case, a significant sentence of incarceration is necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence to this defendant and other similarly situated individuals, and to protect the public from further crimes of the defendant.  *See* 18 U.S.C. § 3553(a)(2)(A)-(C).

*First*, a significant sentence is warranted to reflect the nature and seriousness of the offense of distributing cocaine, to promote respect for the law, and to provide just punishment.  *See* 18. U.S.C. §§ 3553(a)(1), (2)(A).  The defendant is responsible for conspiring to distribute large quantities of cocaine, which presents a serious danger to the public.  While there is no evidence that the defendant or DTO was involved in any violent conduct, there is no question that drug dealing increases the possibility of such violence.  A significant sentence would reflect the severity of the defendant's conduct and provide just punishment for the defendant's involvement with the DTO.

*Second*, the need for the sentence imposed to provide for specific and general deterrence weighs in favor of a significant term of incarceration.  *See* 18 U.S.C. § 3553(a)(2)(B).  As detailed in the PSR, on January 21, 2010, Watson was convicted of conspiracy to distribute heroin and cocaine, distribution of heroin and cocaine, distribution of controlled substances within 1,000 feet of school property, and possession of an assault firearm, and was sentenced to three years' imprisonment.  Despite this significant term of imprisonment, Watson again became involved in

Hon. Alison J. Nathan
July 7, 2017
Page 3

in distributing dangerous drugs. A significant sentence is necessary to specifically deter the defendant from criminal activity and help deter others from making the same choices as the defendant and send the message that drug dealing will carry serious consequences.

*Third*, for similar reasons, a significant sentence is necessary to protect the public from further crimes by the defendant. In the instant offense, the defendant was involved in the interstate transport of large quantities of drugs. The defendant poses a threat to the public, and a significant sentence would protect the public from that threat.

## IV.    Conclusion

For the reasons set forth above, the Government respectfully submits that a significant sentence of incarceration would be fair and appropriate in this case.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney for the
Southern District of New York

By: s/ Gina Castellano
Gina Castellano
Assistant United States Attorneys
(212) 637-2224

cc:     Inga L. Parsons, Esq. (by ECF)